IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.  3:22cr16/TKW/MAL
3:24cv312/TKW/MAL

MAURICE PEARCE HEAD

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and Memorandum of Law in Support. ECF Nos. 112, 113. Defendant raises a single ground for relief, in which he challenges the performance of appellate counsel. After review of the record, the Court concludes that the motion should be dismissed without prejudice.

Defendant pleaded guilty to two controlled substance offenses and on September 27, 2023, the district court sentenced him to a term of 300 months' imprisonment. Judgment was entered on October 6, 2023. ECF No. 89. Defendant, through counsel, filed a notice of appeal. ECF No. 91. His attorney moved to withdraw, and the court appointed Sheryl Joyce Lowenthal, Esq., to represent Defendant on appeal. ECF Nos. 92, 95.

The undersigned has confirmed that Defendant's appeal, assigned Eleventh Circuit Case 23-13341, remains pending. On March 1, 2024, the Eleventh Circuit granted counsel's request for leave to file a motion to withdraw and an *Anders* brief out of time. The last docket entry in that case is Defendant's March 11, 2024, submission of his sealed Presentence Investigation Report.

Because Defendant's direct appeal is still pending, his judgment and conviction are not final. Therefore, this court lacks jurisdiction to consider and rule on the § 2255 motion, or to "take any action with regard to the matter except in aid of the appeal." *United States v. Diveroli*, 729 F. 3d 1339, 1342 (11th Cir. 2013) (citation omitted); *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001). Defendant's attempt to challenge counsel's performance on appeal, when that appeal has not yet been resolved, is premature. *See Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.") The instant motion should be dismissed without prejudice to Defendant's opportunity to refile after his direct appeal has concluded.[1]

---

[1] Defendant is advised that dismissal of the instant motion **will not** prevent him from later seeking collateral review if his direct appeal is unsuccessful. He will be constrained only by the limitations period set forth in 28 U.S.C. § 2255(f).

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 112, be **DISMISSED without prejudice.**

At Gainesville, Florida, on July 9, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.